**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HÉLÈNE RHIND, | |
| Plaintiff, | Case No. 26-cv-6944 |
| v. | Judge |
| AIRBNB, INC., | Magistrate Judge |
| Defendant. | JURY TRIAL DEMANDED |

**COMPLAINT**

HÉLÈNE RHIND, by and through her Attorneys Spencer West USA LLP and James D. Benak, for her Complaint against Defendant Airbnb, Inc., states and alleges as follows:

NATURE OF THE CASE

1. This is a personal injury action to recover for severe injuries suffered by Plaintiff when the last joint of her left index finger was amputated when the door of a vacation property managed by Defendant slammed on her finger as she was exiting through the front door and before she was able to grasp the door handle. The vacation rental is located in the Bahamas and the door — commonly referred to as a “hurricane door”— was not fitted with a retarder, which is a common and inexpensive device that would have slowed the door and prevented it from slamming on Plaintiff’s finger. Defendant’s failure to properly manage and maintain the vacation rental was negligent and was the sole proximate cause of Plaintiff’s injuries.

THE PARTIES

1. Plaintiff Hélène Rhind is a citizen of Canada, residing at at 8 Kingsmill Crescent Collingwood, ON 19y 3y9 Canada.

2. Defendant Airbnb, Inc. ("Defendant Airbnb") is a Delaware Corporation with its principal place of business at 888 Brannan Street in San Francisco, CA 94103 and a registered agent, Airbnb Payments, Inc. at Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL, 62703-34261.

JURISDICTION AND VENUE

3. This Court has jurisdiction over this case under 28 U.S.C.S. § 1332(a)(2) and (c)(1) because the amount in controversy exceeds $75,000 and the action is between a citizen of a state and a citizen of a foreign state.

4. Venue is proper in this Court under 28 U.SC.S. 1391(a), (b)(1) and (c)(2).

FACTS

5. On March 15, 2026, Plaintiff, a resident of Canada, was vacationing in the Bahamas, staying at a vacation rental at 302 Starfish Isle, Palm Cay, Yamacraw Hill Road, Nassau. The vacation rental was leased through Defendant Airbnb.

6. Plaintiff was staying at the rental with her husband, children and grandchildren.

7. It was a windy day, as is common at that time of year in Nassau. While Plaintiff's children and grandchildren were exiting through the sliding door on the beach side of the rental, Plaintiff exited through the front door on the opposite side of the rental. As Plaintiff walked through the threshold of the front door and before she was able to grasp the door handle, the front door slammed violently on her left index finger amputating the tip all the way down to the nail bed.

8. The door is an impact metal door that swings in, commonly referred to as a "hurricane door." It did not have a hydraulic soft close mechanism or retarder which is common in the Bahamas to prevent the slamming of heavy metal hurricane doors in the wind. The possibility of a cross breeze from both front and back doors being opened at the same time increases the risk of the hurricane door slamming, as it did in this incident.

9. The pain of the crushing injury and amputation was excruciating.

10. An ambulance was called and Plaintiff's daughter retrieved the fingertip in the hope it could be reattached. During the search for her finger and the trip to the hospital, the excruciating pain continued.

11. Because of the nature of the amputation which the attending physician called a "crush amputation", the fingertip could not be reattached. An attempt was made to use some of the skin on the retrieved fingertip to make a flap over the injury but that became necrotic and was removed four days later at which point the doctor increased Plaintiff's antibiotic prescription as risk of infection was very high. The risk of infection remains high.

12. Plaintiff has partially recovered from the initial injury, but the pain has persisted. Additionally, she has lost much of the functionality of her left index finger and much of the functionality of her left hand. The injury is permanent and that loss of functionality is permanent. In addition, she suffers from post-traumatic stress disorder from the incident. In addition, she is unable to enjoy her family and interact with her grandchildren as she did before the amputation.

13. Defendant Airbnb held itself out as the manager of the property when it leased the property to Plaintiff.

14. Defendant Airbnb warranted, expressly or impliedly, the habitability of the property, including that the premises were safe to use and occupy.

## CLAIMS

### Count I—Negligence

15. Defendant Airbnb had a duty to make the premises safe to occupy. Its failure to equip the front door of the premises with a soft close mechanism or retarder under the circumstances was negligent.

16. Defendant Airbnb's negligence as described above was the sole proximate cause of Plaintiff's injuries.

### Count II—Breach of Warranty of Habitability

17. Defendant Airbnb warranted, expressly or impliedly, that the premises were safe to use and occupy. Defendant Airbnb's failure to include a soft-close mechanism or retarder on the hurricane door made the property unsafe to use and occupy and breached the warranty of habitability it made to Plaintiff.

18. Defendant Airbnb's breach of warranty was the sole proximate cause of Plaintiff's injuries.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for damages for her injuries, for the cost of her medical care, to compensate her for her pain and suffering, for her PTSD, and for the loss of use of her finger and her hand and loss of enjoyment of her family, all in excess of the jurisdictional limits of this Court, for its attorneys' fees and costs of this action and for other and further relief as the Court deems appropriate under the circumstances.

## JURY DEMAND

Plaintiff demands a jury trial on all claims and all issues.

Dated: June 12, 2026

Respectfully submitted,

HÉLÈNE RHIND,

Plaintiff

By:

Spencer West US LLP
Her Attorneys

/s/ James D. Benak
James D. Benak, Partner
ARDC No. 6205007

James.benak@spencer-west.com
(312) 497-0281
(224) 376-6813 (fax)
Counsel for Plaintiff